UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIO VALENCIA-ALVAREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CASE NO.　C05-447-TSZ-MJB<br>　　　　　　(CR02-177Z)<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner is a federal prisoner serving a 210-month sentence for conspiracy to distribute heroin and cocaine. He has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The government has filed a response and petitioner has filed a reply. Having considered the briefs and the balance of the record, the court recommends, for the reasons set forth below, that petitioner's § 2255 motion be denied.

## PROCEDURAL HISTORY

On August 15, 2002, petitioner was charged by a federal grand jury with five counts of drug-related offenses and one count of possession of a firearm. (Doc. #6 at 3). After reaching a plea agreement with the government, petitioner pled guilty to conspiracy to distribute heroin and cocaine, in exchange for dismissal of the other five counts. (*Id.*) As part of the plea agreement, petitioner admitted that a 9mm semi-automatic pistol, along with drugs and cash, was found in his

house when he was arrested.  (*Id*. at 4).

At petitioner's sentencing hearing, the district court found that petitioner had possessed a firearm during the commission of the offense and consequently, under the federal sentencing guidelines, added two levels to petitioner's offense.  (*Id*.)  The district court then calculated petitioner's sentence based on all the factors, including the quantity of drugs involved in the offense, and sentenced petitioner to 210 months in prison.  (*Id*.)

Petitioner appealed to the Ninth Circuit and that court affirmed his conviction on June 21, 2001.  *See United States v. Mario Valencia-Alvarez*, No. 03-30079 (Memorandum Disposition, 9th Cir. 2003) (Doc. #6, Ex. C).  Petitioner filed the instant motion under § 2255 on March 18, 2005.  (Doc. #1).  The government filed its response on May 10, 2005.  (Doc. #6).  After receiving an extension of time, petitioner filed his reply on June 6, 2005.  (Doc. #11).

## DISCUSSION

In his § 2255 motion, petitioner raises the following grounds for relief:

1. Use of gun enhancement, based from a Indictment Count that was to be dismissed, by applying the dismissed conduct through a different manner, constituted a violation of clear contract law by use of parole evidence.

2. Defendant holds right to be present at all stages of his defense, including Pretrial Hearings and Negotiation stages.

3. Defendant's sentence is void in light of *Booker* and he requires to be resentenced under the standards of *Blakely* and *Booker*.

4. Ineffective assistance of counsel.

(Doc. #1 at 4-5).

In his reply, petitioner voluntarily dismisses his second claim, and the court therefore need not address it.  (Doc. #11 at 10).  In addition, petitioner's fourth claim – ineffective assistance of counsel – is raised solely as a defense to the government's argument that petitioner failed to preserve any of the instant claims and has thereby waived them.  (Doc. #11 at 3-7).  Petitioner contends that any failure to preserve these claims is attributable to the poor performance of his appointed counsel, and that this deficient performance should excuse the waiver of these claims.

(*Id.*)

In order to assess the validity of petitioner's argument, *i.e.*, determine whether counsel's performance was constitutionally deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), because counsel failed to raise potentially meritorious claims, the court would first have to consider whether the claims themselves have any merit. Put another way, if the court considers the government's "procedural default" argument and petitioner's "ineffective assistance" counter-argument, then the court will be required to review the merits of petitioner's claims. Instead, the court considers it more efficient to bypass the question of whether petitioner procedurally defaulted any of his claims and proceed directly to analyze the merits of each claim. Accordingly, the court need not address petitioner's fourth claim that his counsel provided ineffective assistance.

1. Petitioner's Claim Based upon the Firearm Enhancement.

Petitioner first argues that the district court was precluded from considering petitioner's possession of a firearm in sentencing petitioner, because the government had dismissed the specific count (Count Six) of the indictment that had been based upon that same conduct. Petitioner further contends that he was unaware that the firearm could be considered by the district court in calculating his sentence, and learned that it could be so considered only at the sentencing hearing itself, when it was too late to withdraw his guilty plea. (Doc. #11 at 10). Petitioner cites no cases in support of his argument that arose in the context of the federal sentencing guidelines, and appears instead to rest his argument on general principles of contract law.

The government responds by raising three points. First, the government argues that Ninth Circuit precedent and the sentencing guidelines support the use of conduct underlying a dismissed count in determining a defendant's sentence. (Doc. #6 at 7, *citing United States v. Flores-Payon*, 942 F.2d 556, 561-62 (9th Cir. 1991); U.S.S.G. § 6B1.2(a)). Second, the government points out that while it had agreed under the plea agreement to dismiss the firearm possession charge, the

REPORT AND RECOMMENDATION
PAGE 3

government never promised that it would not seek a "gun enhancement" at the time of sentencing (Doc. #6 at 7). The government contends, therefore, that it did not breach the agreement. Third, the government maintains that, contrary to petitioner's assertion, "the record establishes that he was fully aware at the time of his guilty plea that the gun could still affect his sentencing range, despite the United States' agreement to dismiss Count 6." (Doc. #6 at 8).

Upon review of the record, the court concludes that the government's argument is well-taken. Notwithstanding petitioner's citation to principles of contract law, the sentencing court was free to consider petitioner's possession of a firearm, even though that conduct had been dismissed as a separate count. *See Flores-Payon*, 942 F.2d at 562. Furthermore, the transcript of the hearing on petitioner's guilty plea shows that the Magistrate Judge presiding over the hearing, counsel for the government, and petitioner's counsel, all emphasized to petitioner that his possession of a firearm *would* be considered by the district court when it came time to sentence him. Specifically, the following exchange occurred at the plea hearing:

> DEFENSE COUNSEL: [I]t's written in the plea agreement that the firearm was found in the dresser where the money was located. *We're free to argue to the sentencing judge that the firearm should not be considered as possessed in furtherance of the offense*, which would then make him safety valve eligible.
>
> THE COURT: Very well. What's the government's position on his eligibility for safety valve?
>
> COUNSEL FOR GOVERNMENT: He's free to argue his eligibility for the safety valve. The plea agreement does not preclude him making that argument. . . .
>
> DEFENSE COUNSEL: [The Magistrate Judge] is just saying that *if at the time of sentencing, the judge believes the firearm takes you out from the safety valve*, then the ten-year mandatory minimum would apply. Do you understand that?
>
> THE DEFENDANT: Okay.
>
> DEFENSE COUNSEL: *It's only the judge at the time of sentencing that makes that determination.*
>
> THE DEFENDANT: That's fine.

REPORT AND RECOMMENDATION
PAGE 4

(Doc. #95 in Case No. CR02-177Z at 6-7) (emphasis added).

While this exchange focused on petitioner's eligibility for the safety valve provision, and does not specifically mention the possibility that petitioner's sentence could be adjusted upwards based upon his possession of a firearm, the transcript clearly shows that petitioner was aware, at the very least, that whether he possessed a firearm was going to be considered by the sentencing court. Petitioner cites no authority that would invalidate his sentence based upon his alleged lack of knowledge that his sentence might be enhanced based upon his possession of a firearm. Accordingly, petitioner's claim that the sentencing court was precluded from considering petitioner's possession of a firearm lacks merit and should be denied.

2. Petitioner's Claim Based upon *Booker.*

Although it is difficult to decipher, petitioner's third claim appears to rest on his interpretation of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), in which petitioner contends that *Booker* applies retroactively to November 1, 1987. (Doc. #11 at 11). Petitioner does not explain the precise significance of this date nor how he derives it from the opinion in *Booker*, but it appears that petitioner misapprehends the concept of retroactivity. In order for petitioner to benefit from *Booker's* central holding – that application of the federal sentencing guidelines violates a defendant's Sixth Amendment right to trial by jury – petitioner must show that *Booker* applies to cases, such as his, which were final before *Booker* was decided. In other words, petitioner must show that *Booker* applies retroactively.

Petitioner has failed to make this showing. Although the Supreme Court has been silent as to whether *Booker* applies retroactively, the Ninth Circuit – and all other circuit courts that have considered the question – has held that *Booker* does not apply retroactively to cases on collateral review. *See United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005). Accordingly, petitioner may not rely upon *Booker* to claim that his sentence is invalid and petitioner's third claim should be

REPORT AND RECOMMENDATION
PAGE 5

1  denied.[1]

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, lacks merit and should be denied. A proposed Order is attached.

DATED this 1st day of November, 2005.

*[signature]*

MONICA J. BENTON
United States Magistrate Judge

---

[1] As an aside, the court notes that the Ninth Circuit issued its ruling on the retroactivity of *Booker* after the parties filed their briefs in this matter. While this timing rendered much of the government's response moot, the court greatly appreciates the depth and clarity of the government's brief, notwithstanding.

REPORT AND RECOMMENDATION
PAGE 6